UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:24-cv-00464-BO-RN

| | |
|---|---|
| TERESA DESOTO, individually and on behalf of all others similarly situated,<br><br>v.<br><br>WOODBURY WELLNESS CENTER, INC. | FLSA Collective Action<br>Rule 23 Class Action |

## ORDER

Plaintiff Teresa Desoto (Desoto) and Defendant Woodbury Wellness Center, Inc. (Woodbury) (together, the Parties) file this stipulation regarding FLSA collective certification of this matter.

1. Desoto alleges Woodbury implemented an automatic meal period deduction policy, and failed to pay overtime for hours worked over 40 in a workweek by its hourly, non-exempt workers in violation of the FLSA.

2. The Parties agree that certification conserves the Parties' resources from spending time and money on pre-certification discovery, as well as the Court's time and resources in deciding pre-certification discovery disputes and certification itself.

3. For these reasons, the parties assert certification serves judicial efficiency by allowing Desoto's claims, and Woodbury's defenses, to be decided in one proceeding.

4. For the foregoing reasons, the Parties stipulate to certification of the following collective pursuant to 29 U.S.C. § 216(b):
   **All hourly, non-exempt Woodbury Wellness employees who received an automatic meal period deduction at any time during the past 3 years ("FLSA Collective").**

5. The Parties agree to toll the statute of limitations of the FLSA Collective from the date of the filing of this Stipulation until the close of the opt-in period.

6. The Parties stipulate that, by Woodbury's consent to FLSA collective certification, Woodbury does not waive its right to argue any defenses that it may have to the substantive claims in this lawsuit. Likewise, the Parties stipulate that, by Woodbury's consent to FLSA collective certification, Woodbury does not waive any argument that the FLSA collective should be decertified.

7. The Parties stipulate to their proposed forms for notice to putative collective members (Appendix 1), consent to join (Appendix 2), email notification (Appendix 3), and text message (Appendix 4).

8. The Parties further stipulate to the schedule and terms set forth below in order to provide adequate and accurate notice of this lawsuit to the Putative Collective Members:

| DEADLINE | SUBJECT |
|---|---|
| 10 days from adoption of stipulation | Defendant to provide to Plaintiff's counsel in Excel (.xlsx) format the following information regarding all Putative Collective Members: full name; last known addresses with city, state, and zip code; last known e-mail addresses (non-company address if applicable and available); beginning dates of employment; and ending dates of employment (if applicable). The list of Putative Collective Members shall be utilized solely for the purposes of effectuating notice of this lawsuit to the Putative Collective Members. |
| 20 days from adoption of stipulation | Plaintiff's counsel shall send a copy of the Court-approved Notice and Consent Form to the Putative Collective Members by U.S. Mail and email. For any notice that is returned as undeliverable, Plaintiff's counsel may check such persons through the U.S. Postal Service's National Change of Address database ("NCOA"), and may perform address searches using public and proprietary electronic resources, which collect data from various sources such as utility records and property tax records. Regarding those Putative Collective Members whose mailed or emailed Notice is returned as undeliverable, Plaintiff's counsel may request from Defendant's counsel the last known telephone number, which Defendant will provide upon request, to follow-up the mailed Notice and Consent Forms with the pre-approved text message. |
| 60 days from mailing of Notice and Consent Forms to Potential Collective Members | The Putative Collective Members shall have 60 days to return their signed Consent forms to Plaintiff's counsel for filing with the Court. Consent Forms must be postmarked by this deadline. |
| 30 days from mailing of Notice and Consent Forms to Potential Collective Members | Plaintiff's counsel is authorized to email a second, identical copy of the Notice and Consent Form to the Putative Collective Members reminding them of the deadline for the submission of the Consent forms. If the email is returned as undeliverable, Plaintiff's counsel is authorized to send an identical copy of the pre-approved text message to the Putative Class Members with an undeliverable e-mail. |

March 31, 2025
Date

Terrence W. Boyle
United States District Judge

IT IS SO STIPULATED:

      */s/ Carl A. Fitz*

By: _____
**Carl A. Fitz** (admitted *pro hac vice*)
Tex. State Bar No. 24105863
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
(713) 766-4000
carl@fitz.legal
**Lead Attorney for Plaintiff**

AND

      */s/ Bert J. Miano*

By: _____
**Bert J. Miano**
NC State Bar No. 49813
1213 West Morehead Street
Fifth Floor, Unit #99
Phone: (704) 275-7199
Direct: (704) 781-7099
Fax: (704) 630-7199
Email: bmiano@mianolaw.com
**Local Civil Rule 83.1(d) Attorney for Plaintiff**

By: */s/ Kevin S. Joyner*
Kevin S. Joyner (NC Bar No. 25604)
Vanessa N. Garrido (NC Bar No. 53470)
Charlotte C. Smith (NC Bar No. 53616)
8529 Six Forks Road, Suite 600
Raleigh, North Carolina 27615
Phone: 919-787-9700
Facsimile: 919-783-9412
Kevin.joyner@ogletree.com
Vanessa.Garrido@ogletree.com
Charlotte.Smith@ogletree.com
*Attorneys for Defendant Woodbury Wellness Center*

**Attorneys for Defendant**