IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Case No.: 7:24-cv-00464-BO-RN

| | |
|---|---|
| TERESA DESOTO, Individually and for Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>WOODBURY WELLNESS CENTER, INC.,<br><br>  Defendant. | **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT** |

NOW COMES Plaintiff Teresa DeSoto ("Named Plaintiff"), on her own behalf and on behalf of all individuals who have filed consents to join the case (collectively the "Plaintiffs"), by and through their counsel, and Defendant Woodbury Wellness Center, Inc. ("Defendant"), by and through its counsel, and jointly petition this Court for entry of an Order approving their settlement of this action and dismissing this action with prejudice. A copy of the Settlement Agreement and Release (the "Settlement Agreement") is attached hereto as Exhibit A.

In support of this motion, Plaintiffs and Defendant (collectively the "Parties") state as follows:

1. On June 7, 2024, Plaintiffs filed a complaint in this putative collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and putative

1

class action under Federal Rule of Civil Procedure 23 and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95.25.1 to § 95-25.25. (DE #1).

2. On January 23, 2025, Plaintiffs filed their Unopposed Motion for Conditional Certification, For Approval and Distribution of Notice and For Disclosure of Contact Information (Dkt. #20), and Joint Stipulation Regarding FLSA Conditional Collective Certification (Dkt. #19).

3. On March 31, 2025, the Court entered an Order granting Plaintiffs' Unopposed Motion for Conditional Certification, For Approval and Distribution of Notice and For Disclosure of Contact Information, which made June 20, 2025, the deadline for collective members to submit Consents to Join this lawsuit as opt-in plaintiffs. (Dkt. ## 21, 22).

4. Defendant timely provided Plaintiffs' counsel with contact information for putative collective action members, and Court-approved Notice was sent to potential class members.

5. Sixty-nine[1] individuals thereafter filed Consents to Join this lawsuit (Dkt. ## 23-1, 24-1, 26-1, 27-1, 28-1, 30-1, and 32-1).

6. In an effort to preserve time, expenses, and judicial resources, the Parties submitted their Joint Motion Requesting to Participate in non-binding mediation and a Stay of Litigation to Permit the Parties to Participate in a non-binding mediation prior to

---

[1] Defendant's counsel agreed to the late-filing of Melissa Clark's Consent to Join Lawsuit. (*See* Dkt. #32-1).

engaging in formal discovery and protracted litigation, which the Court granted on June 26, 2025. (Dkt. #31).

7. On August 15, 2025, the Parties engaged in a non-binding mediation.

8. Prior to the non-binding mediation, Defendant produced time records and pay records for all Plaintiffs, from June 7, 2021 through June 7, 2024.

9. The Parties, through their respective counsel, engaged in lengthy settlement negotiations and the exchange of pertinent information and documentation culminating in an agreement to settle this case regarding Plaintiffs' claims, subject to the approval of the Court. The Settlement Agreement sets forth in detail the terms of settlement agreed upon by Plaintiffs.

10. As set out more fully in the Memorandum in Support of Joint Motion to Approve Settlements filed contemporaneously with, and offered in support of, this Joint Motion, the settlement reached by the parties represents a fair, just and reasonable resolution of all claims alleged by Plaintiffs for unpaid wages, liquidated damages, and attorneys' fees.

11. The settlement was negotiated at arm's length, by experienced counsel, in resolution of *bona fide* disputes between their clients with respect to liability and the amount allegedly due under the FLSA and NCWHA. By entering into the settlement, the Parties conserved substantial time and expense that would have been required had the case been further litigated and/or gone to trial; and by settling, Plaintiffs are assured a reasonable recovery on their claims, thereby avoiding the uncertainties associated with further litigation.

12. The amount to be paid for attorneys' fees and costs was negotiated separately from the amount of the settlement paid to Plaintiffs for unpaid wages. Accordingly, none of the Plaintiffs will be responsible for paying attorneys' fees and costs out of the settlement payments each receives.

13. Conditioned upon Plaintiffs' receipt of the payments described in Section 3 of the respective Settlement Agreements, Plaintiffs acknowledge that they will have received all wages and benefits to which they are entitled as it relates to this action.

14. If the Settlement Agreement is approved, there will be no remaining matters in dispute between the Parties with regard to the claims raised in this lawsuit, and this case should be dismissed with prejudice as to Plaintiffs' claims.

WHEREFORE, the Parties respectfully request that the Court grant their joint motion, enter an order approving the Settlement Agreement, and dismiss this action with prejudice.

Respectfully submitted, this 8th day of October, 2025.

| | |
|---|---|
| **FITZ LAW PLLC** | **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.** |
| By: */s/* Carl A. Fitz_____ | By: */s/ Kevin S. Joyner* |
| Carl A. Fitz (admitted pro hac vice) | Kevin S. Joyner (NC Bar No. 25604) |
| 3730 Kirby Drive, Suite 1200 | Vanessa N. Garrido (NC Bar No. 53470) |
| Houston, Texas 77098 | 8529 Six Forks Road, Suite 600 |
| Phone: (713) 766-4000 | Raleigh, North Carolina 27615 |
| carl@fitz.legal | Phone: 919-787-9700 |
| *Attorneys for Plaintiff* | Facsimile: 919-783-9412 |
| | Kevin.joyner@ogletree.com |
| | Vanessa.Garrido@ogletree.com |
| | *Attorneys for Defendant* |

# EXHIBIT A

# SETTLEMENT AGREEMENT
# AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into between Plaintiff Teresa DeSoto ("Named Plaintiff"), on her own behalf and on behalf of all individuals who have timely filed consents to join the case captioned *Teresa DeSoto, Individually and for Others Similarly Situated v. Woodbury Wellness Center, Inc.*, Case No. 7:24-cv-00464, filed in the United States District Court for the Eastern District of North Carolina (the "Lawsuit"), as identified in **Exhibit A** to this Agreement (collectively the "Plaintiffs"), and Defendant Woodbury Wellness Center, Inc. ("Defendant"). Plaintiffs and Defendant are collectively referred to as the "Parties."

**WHEREAS**, Named Plaintiff filed a Complaint on June 7, 2024 against Defendant alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA") and breach of contract, on behalf of herself and all other allegedly similarly situated individuals, and sought to represent such individuals in a collective action pursuant to 29 U.S.C. § 216(b) and a Rule 23 Class Action;

**WHEREAS**, on January 23, 2025, Named Plaintiff filed her Unopposed Motion for Conditional Certification, For Approval and Distribution of Notice and for Disclosure of Contact Information, which the Court granted on March 31, 2025;

**WHEREAS**, the individuals identified in **Exhibit A** timely filed consents to join the Lawsuit;

**WHEREAS**, the Parties and their counsel investigated the facts and law relevant to the claims asserted. The Parties and their counsel represent that the documents and other information exchanged to date, including complete time and pay records for the Named Plaintiff and the individuals who timely filed consents to join the Lawsuit, were relevant to the claims asserted and that the production of these documents and other information facilitated meaningful and productive settlement discussions;

**WHEREAS,** Defendant denies: (i) the allegations in the Lawsuit, (ii) liability for violations of the FLSA, (iii) liability for violations of the NCWHA or any other law, and (iv) that damages are owed to Plaintiffs or any purported collective action members of class;

**WHEREAS,** the Parties desire to mitigate and/or avoid further expense, time, effort, and uncertainty in regard to the Lawsuit;

**WHEREAS**, after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Plaintiffs and their counsel believe the Agreement is in Plaintiffs' best interest and represents a fair, reasonable, and adequate resolution of the Lawsuit;

**WHEREAS**, the Parties desire to fully and finally resolve this matter and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Plaintiffs against Defendant relating to the payment of wages and compensation occurring at any time prior to and including the date on which this Agreement is executed;

**NOW, THEREFORE,** in consideration of the promises and the mutual covenants and

undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties hereto, intending to be legally bound hereby, agree to the following terms and conditions as full and complete settlement of the Lawsuit regarding Plaintiffs' claims:

1. **Settlement Procedure.** Within ten (10) days of complete execution of this Agreement, the Parties will submit to the Court a Joint Motion for Approval of this Agreement, which shall be drafted by Defendants' counsel and mutually agreed upon by the Parties in good faith.

2. **Court Approval and Dismissal of Lawsuit.** The Parties agree that this Agreement is contingent on the Court's approval of this Agreement and dismissal of the Lawsuit with prejudice as to Plaintiffs' claims. If the Court does not approve this Agreement and dismiss the Lawsuit with prejudice as to Plaintiffs' claims, this Agreement will not be effective, and Defendant will have no obligations under it.

3. **Consideration from Defendant.** As consideration and in exchange for the execution of this Agreement, and the mutual promises and understandings contained herein, the Parties agree that:

   (a) Individual Payments: Defendant shall pay the total sum of Sixty-Six Thousand Five Hundred Dollars ($66,500.00) for alleged unpaid wages, liquidated damages, and breach of contract damages, with each individual Plaintiff receiving the delineated amount set out in **Exhibit A**. These payments shall be allocated between wage damages, for which all applicable federal and state statutory deductions and withholdings shall be made by Defendant, and non-wage damages, for which no deductions or withholdings shall be made by Defendant, as set out in **Exhibit A**. Insofar as Defendant requires any Plaintiffs to submit an executed Form W-4 or Form W-9 in order to process payment, Plaintiffs agree to cooperate in providing such materials to Defendant. The individual payments shall be paid via direct deposit or check. These payments shall be made within thirty (30) days of approval of this Agreement by the Court.

   (b) Attorneys' Fees and Costs: Defendant shall pay the total sum of $25,497.57 for attorneys' fees ($22,166.70) and costs ($3,330.87) recoverable by Plaintiffs. Defendant shall pay the amount within thirty (30) days of approval of this Agreement by the Court via check or wire transfer payable to "Fitz Law PLLC," subject to IRS Form 1099 requirements.

   (c) Service Award: Defendant shall pay the total sum of $3,000.00 to Teresa Desoto as a service award for her assistance with investigating the case on behalf of the putative class members. Defendant shall pay the amount within thirty (30) days of approval of this Agreement by the Court via check payable to "Teresa Desoto," subject to IRS Form 1099 requirements.

Plaintiffs agree that the consideration described in this paragraph is good, valuable, and sufficient consideration. Plaintiffs agree that the payments to be made by Defendant under this

2

Agreement constitute full compensation for all hours and overtime hours that they worked for Defendant, plus any liquidated damages, attorneys' fees, or other costs or damages to which they may claim to be entitled under the FLSA or NCWHA, including any claim for compensation that they made or could have made in the Lawsuit. Plaintiffs acknowledge that they have been paid in full for all work performed on behalf of Defendant, and that Defendant owes them no additional money or compensation of any kind relating to the payment of work performed, notwithstanding any amounts to be paid to any Plaintiffs who are current employees of Defendant consistent with Defendant's ordinary payroll scheduling practices. None of the payments described in this Agreement shall be subject to matching contributions or included as benefits eligible earnings under any benefit plan or policy applicable to Plaintiffs. Finally, Plaintiffs agree that they are not entitled to any other compensation (including, but not limited to, compensation, wages, accrued vacation time, or expenses reimbursements), leave (paid or unpaid), or benefits of any kind or description from Defendant as a result of this Agreement. Plaintiffs further acknowledge that the settlement payments exceed that to which they would be entitled under Defendant's policies, procedures, and practices.

4. **Waiver and Release of Claims.** Plaintiffs, on behalf of themselves, their descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally, and forever release and discharge Defendant and its divisions, departments, affiliates, attorneys, agents, employees, assigns, and insurers (all of which are included in the definition and meaning of "Defendant") from any and all claims and rights relating to the payment of wages and compensation that Plaintiffs may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, the FLSA, the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq.*, breach of contract, and any other claims for unpaid compensation, interest on such claims, liquidated damages, and attorneys' fees or costs related to such claims (notwithstanding those accrued in the Lawsuit that shall be subject to the Court's determination, as set forth above). This Release does not apply to claims which may arise after the date of Plaintiffs' acceptance of this Agreement.

5. **Non-Admission.** The Parties understand and acknowledge that the payments made pursuant to this Agreement are not to be construed as an admission of liability on the part of Defendant, and that Defendant has denied and continues to deny liability for all sums sought in this action by Plaintiffs.

6. **Indemnification.** Plaintiffs agree that, except for the amounts withheld, Plaintiffs shall be responsible for paying any taxes, interest, penalties, or other amounts due on the payments made pursuant to this Agreement and shall indemnify Defendant for, and hold it harmless from, any taxes, interest, penalties, or other amounts which Defendant becomes required to pay or expend as a result of not having withheld taxes or other amounts from such payments.

7. **Choice of Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina.

8. **Severability.** Should any provision of this Agreement be held to be illegal, void or unenforceable, such provision shall be of no force and effect. However, the illegality or unenforceability of any such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

3

Case 7:24-cv-00464-BO-RN     Document 37     Filed 10/08/25     Page 8 of 10

**9. Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

**10. Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties and their respective representatives, predecessors, heirs, successors, and assigns.

**11. Entire Agreement.** This Agreement contains the complete understanding between the Parties, and no other promises or agreements shall be binding unless signed by the Parties. In signing this Agreement, the Parties are not relying on any fact, statement, or assumption not set forth in this Agreement.

**12. Conditions Precedent.** Plaintiffs understand and agree that the payment of the consideration by Defendant, set out above, is expressly contingent upon the Court's approval of this Agreement and dismissal of the Lawsuit with prejudice as to Plaintiffs' claims. If this condition fails, Defendant may declare this Agreement null and void, any funds provided hereunder shall be returned, and the Parties shall proceed in all respects as if this Agreement had not been executed.

**13. Drafting.** Each of the Parties hereto has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any party as drafter of this Agreement.

**14. Incorporation of Exhibits.** All exhibits attached to this Agreement are hereby incorporated by reference as though set forth fully herein and are a material part of this Agreement.

**15. Acknowledgment.** Other than as stated herein, the Parties acknowledge that no promise or inducement has been offered for this Agreement and that this Agreement is executed without reliance on any statement of the parties or their representatives. This Agreement is executed voluntarily and without any duress or undue influence on the part of or on behalf of any of the Parties. The Parties acknowledge that: (a) they have read this Agreement; (b) they understand the terms and consequences of this Agreement and the release it contains; and (c) they are fully aware of the legal and binding effect of this Agreement. Plaintiffs acknowledge that they were given a reasonable amount of time to review and consider this Agreement prior to executing it and that they were advised to consult and did consult with their attorney prior to executing this Agreement.

**16. Notice.** All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or mailed postage pre-paid by first class mail to the following persons at their addresses set forth as follows:

Plaintiffs' Counsel:

Carl A. Fitz
Fitz Law PLLC
3730 Kirby Drive, Suite 1200
Houston, Texas 77098

Defendant's Counsel:

4

Kevin S. Joyner
Vanessa N. Garrido
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8529 Six Forks Road, Suite 600
Raleigh, NC 27615

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed this Agreement as of the date(s) stated below.

**Plaintiff Teresa DeSoto**

*Teresa DeSoto*
Teresa DeSoto (Sep 23, 2025 10:47:44 EDT)
Teresa DeSoto

Date: 09/23/25

**Defendant Woodbury Wellness Center, Inc.**

By: [signature]
ITS: President WWC

Date: 9/26/25

K